S. M. GREEN to the use of H. ANDERSON *vs.* THE COMMIS-
SIONERS OF CHEROKEE COUNTY.

Upon a note given before the adoption of the present Constitution, by the
Chairman of a County Court, expressed to be for the County, partial
payments were made by the Board of Commissioners before suit
brought; *Held*, that it was not necessary for the plaintiff to show, that
the said Chairman had authority to give the note, or demand and no-
tice before suit.

CIVIL ACTION, tried before *Cannon, J*, at Spring Term, 1871,
of the Superior Court of CHEROKEE. It was commenced be-
fore a Justice of the Peace, for a balance due on a note, in the
following words :

" On or before the 1st Monday in September, 1858, I, for
the County of Cherokee, promise to pay S. M. Green one
hundred dollars, for value received of him. This 6th day of
January, 1854.

.        (Signed.)            N. S. HOWELL, *Chairman.*
Attest: DRURY WEEKS."

The alleged consideration was land bought for county pur-
poses.

The Justice gave judgment against the plaintiff, and he ap-
pealed to the Superior Court.

The Court-house having been destroyed by fire in 1865, the
plaintiff offered to show by the subscribing witness to the note,
who was Clerk of the County Court when the note was given,
that Howell was Chairman, and duly authorized to execute the
note.

The defendants objected to the testimony ; but it was admit-
ted. The plaintiff then proved that payments were made on
the note by a former Board of Commissioners, in October,
1868, and May, 1870.

Defendants moved to dismiss the action, because the com-

plaint did not aver notice and demand before suit. Motion overruled.

Judgment for plaintiff. Appeal by defendants.

*Gudger,* for the plaintiff.
No counsel for the defendants.

READE, J. The complaint is, that the County of Cherokee owes the plaintiff a balance for a tract of land bought for county purposes, and that the defendants are the Commissioners of the county.

1. It is objected, that the debt was not contracted by the present Board of Commissioners, the defendants; but, if at all, by the County Court, under the old system. There is no force in that objection, because it is the same *county,* and the present Board is the successor of the County Court.

2. The fact that the Board of Commissioners, under the new system, has recognized the validity of the claim and made several part payments, fully answers the objections as to the competency of the evidence to prove the authority of the Chairman of the old County Court to contract the debt, and the alleged want of notice.

There is no error.

PER CURIAM.                              Judgment affirmed.